MUNICIPAL EMPLOYEES OF the BOROUGH OF SLIPPERY ROCK, an unincorporated labor organization, by and through Kenneth Hertzog, President and Trustee ad Litem, Petitioner

v.

PENNSYLVANIA LABOR RELATIONS BOARD, Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 2010.

Decided Jan. 26, 2011.

---

Ernest B. Orsatti, Pittsburgh, for petitioner.

Samuel Border Ickes, Harrisburg, for respondent.

Christopher P. Gabriel, Pittsburgh, for intervenor Borough of Slippery Rock.

BEFORE: McGINLEY, Judge, and McCULLOUGH, Judge, and KELLEY, Senior Judge.

OPINION BY Judge McCULLOUGH.

The Municipal Employees of the Borough of Slippery Rock (Union) petitions for review of the November 17, 2009, order of the Pennsylvania Labor Relations Board (Board) dismissing the Union's exceptions and making the hearing examiner's July 6, 2009, proposed order for unit

clarification final and absolute. The hearing examiner's order directed that the code enforcement officer for the Borough of Slippery Rock (Employer) be excluded from an existing nonprofessional bargaining unit under the Public Employe Relations Act (PERA).[1] We affirm.

The three-member bargaining unit was certified by the Board on January 17, 1990, and consists of the code enforcement officer, a street supervisor, and a parking enforcement officer.[2] On November 24, 2008, Employer submitted a petition for unit clarification to the Board, seeking to exclude the position of code enforcement officer from the bargaining unit. More specifically, Employer sought to exclude the code enforcement officer as a management level employee under section 301(16) of PERA, 43 P.S. § 1101.301(16).[3]

A hearing examiner conducted a hearing on April 8, 2009, and found, in relevant part, that the code enforcement officer issues and denies building and occupancy permits, conducts inspections, and issues citations and enforcement notices pursuant to Employer's codes and ordinances.[4] (Findings of Fact, Nos. 5–20.) The hearing examiner also found that the code enforcement officer had no direct supervision, that he exercised sole discretion in his decision making, and that his decisions

were not subject to the review or approval of any other employees or officials. (Findings of Fact, Nos. 6, 8, 20.)

Based on these findings, as well as the Board's extensive history of recognizing code enforcement officers as management level employees, the hearing examiner issued a proposed order on July 6, 2009, concluding that the code enforcement officer implements Employer's policies and, therefore, should be excluded from the bargaining unit as a management level employee under section 301(16) of PERA.

The Union filed timely exceptions to the hearing examiner's proposed order and on November 17, 2009, the Board issued a final order which adopted the hearing examiner's findings, dismissed the Union's exceptions, and made the hearing examiner's July 6, 2009, proposed order final and absolute. The Board noted that the hearing examiner's determination was consistent with the Board's prior decisions holding that code enforcement officers who exercise independent discretion while implementing an employer's policy are management level employees within the meaning of section 301(16) of PERA. The Board rejected the Union's assertion that the hearing examiner erred by disregarding the Union's reference to cases involving Act 111,[5] observing that PERA is not read

1. Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§ 1101.101–1101.2301.

2. The code enforcement officer's duties primarily relate to residential properties. Employer has a contract with a third party, Advantage Inspection Services, LLC, to perform similar duties in relation to commercial properties.

3. Section 301(16) of PERA provides: " 'Management level employe' means any individual who is involved directly in the determination of policy or who responsibly directs the implementation thereof and shall include all employes above the first level of supervision." 43 P.S. § 1101.301(16).

4. The hearing officer found that the code enforcement officer applies and enforces the following Borough codes and ordinances: grass ordinance; snow removal ordinance; International Building Code; state-mandated building codes; zoning and land development ordinance; International Property Maintenance Code; parking enforcement ordinance; plumbing and fire protection ordinance; rental licensing ordinance; and the garbage ordinance.

5. Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §§ 217.1–.10, commonly known as "Act 111."

*in pari materia* with Act 111. *City of Pittsburgh v. Pennsylvania Labor Relations Board,* 124 Pa.Cmwlth. 502, 556 A.2d 928 (1989).

On appeal to this Court, the Union argues that the Board acted arbitrarily and capriciously in concluding that Employer's code enforcement officer implements policy and, therefore, should be excluded from the bargaining unit as a management employee. We disagree.

 Initially, we note that our scope of review is limited to determining whether constitutional rights were violated, whether the Board committed an error of law, or whether necessary findings of fact are supported by substantial evidence. *Westmoreland County v. Pennsylvania Labor Relations Board,* 991 A.2d 976 (Pa. Cmwlth.2010). In addition, in light of the Board's expertise in the area of public labor law, this Court considers Board opinions interpreting PERA to be persuasive authority, and, as long as substantial evidence supports the Board's findings, we defer to the Board's conclusions if they are reasonable, and not arbitrary or capricious. *Id.*

Pursuant to section 301(16) of PERA, a party may exclude an employee from a bargaining unit as a management level employee by demonstrating that the employee is directly involved in the determination of policy or directly implements policy. *Westmoreland County.* "If employees meet only one part of the test, they will be considered managerial." *Id.* at 985 (citing *Pennsylvania Association of State Mental Hospital Physicians v. Pennsylvania Labor Relations Board,* 124 Pa.Cmwlth. 28, 554 A.2d 1021 (1989)).

 An employee is directly involved in the implementation of policy if he or she ensures that the policy is fulfilled by concrete measures. *Westmoreland County.*

However, an employee's decisions are not managerial if they are part of the employee's routine discharge of professional duties. *School District of Philadelphia v. Pennsylvania Labor Relations Board,* 719 A.2d 835 (Pa.Cmwlth.1998) (holding that employees in the position of "Coordinator, Teaching and Learning Network," who monitored instructional programs to ensure that the school district was in compliance with federal, state and local court mandates, but who did not take any action where non-compliance was found, did not participate directly in the policy-making process and had no significant impact on the formulation or implementation of management policy). Rather, in order to be considered a management level employee, the employee must be responsible for not only monitoring compliance with a policy, but also for taking action in situations where noncompliance is found. *Id.*

 Our Court has not specifically addressed the issue at hand. However, the Board has consistently held that code enforcement officers implement policy and, therefore, satisfy the second part of the test set forth in section 301(16) of PERA. For example, in *Horsham Township,* 9 PPER 9151 (Order and Notice of Election, 1978), the Board held that a code enforcement officer with the authority to accept or reject permit applications, inspect properties, and demand compliance exercised independent discretion while implementing the employer's policies and, therefore, was a management employee. Similarly, in *Employes of Derry Township,* 36 PPER 166 (Final Order, 2005), the Board held that a code enforcement officer responsible for determining the existence of an unsafe structure or whether rubbish on a property had risen to the level of a health hazard exercised independent discretion while implementing an employer's policies and, therefore, was a management employee.

The Board described management employees as follows:

> [T]hose persons who have a responsible role in giving practical effect to and ensuring the actual fulfillment of policy by concrete measures, provided that such role is not of a routine or clerical nature and bears managerial responsibility to insure completion of the task. The administration of a policy involves basically two functions: (1) observance of the terms of the policy and (2) interpretation of the policy both within and without the procedures outlined in the policy. The observance of the terms of the policy is largely a routine and ministerial function. There will be occasion where the implementation of policy will necessitate a change in procedure or methods of operation. The person who effects such implementation and change exercises that managerial responsibility and would be responsibly directing the implementation of policy. Furthermore, the interpretation of policy would constitute responsible implementation of policy as a continuation of the managerial decision making process.

*Employes of Derry Township v. Pennsylvania Labor Relations Board*, 36 PPER 166 (Final Order, 2005) (citing *Horsham Township*, 9 PPER 9151, 9157 (Order and Notice of Election, 1978)).

In the present case, the evidence establishes that the code enforcement officer accepts or denies permit applications, conducts inspections, issues citations and presents enforcement actions to the local magistrate. Thus, the officer meets the Board's description of management employees in observing the terms of the policy and interpreting it within and without the procedures outlined in the policy. Further, in implementing policy and in taking action in situations where non-compliance is found, the code enforcement officer exercises independent discretion reflective of managerial responsibility. Based on the facts presented, and giving the deference afforded to the Board in these matters, we conclude that the Board did not act arbitrarily and capriciously in determining that Employer's code enforcement officer implements policy and, therefore, should be excluded from the bargaining unit as a management employee.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 26th day of January, 2011, the November 17, 2009, order of the Pennsylvania Labor Relations Board is hereby affirmed.