IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Exeter Township,                      :
                                      :
                    Petitioner        :
                                      :
         v.                           : No. 316 C.D. 2017
                                      : Argued: October 17, 2017
Pennsylvania Labor Relations          :
Board,                                :
                                      :
                    Respondent :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION BY JUDGE WOJCIK                          FILED:  January 12, 2018


        Exeter Township (Township) petitions for review from a final order of

the Pennsylvania Labor Relations Board (Board), which dismissed the Township's

exceptions to the proposed decision and order of a Hearing Examiner and held that

the position of Zoning Officer/Assistant Code Enforcement Officer (Zoning Officer)

is not a management-level employee subject to exclusion from the collective

bargaining unit under the Public Employe Relations Act (PERA).[1]  Upon review, we

reverse.

        The Township is a township of the second class and is located in Berks

County, Pennsylvania.  The Township and Teamsters Local Union No. 429 (Union)

filed a joint request for certification under Section 602(a) of PERA, 43 P.S.

§§1101.602(a), with the Board to certify a unit of employees for collective bargaining

---

[1] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§1101.101-1101.2301.

purposes. Reproduced Record (R.R.) at 16a. The Board certified the following positions as included in the bargaining unit:

> All full-time and regular part-time nonprofessional employes including but not limited to highway employes, sewer plant employes, secretarial employes, truck drivers, heavy equipment operators, bid plant operators, mechanics, assistant operators, collection crew, light equipment operators, secretaries, clerk-typist, laborers, and code enforcement personnel . . . .

R.R. at 16a. The Board specifically excluded "*management level employes*, supervisors, first level supervisors, confidential employes and guards as defined by [PERA]." *Id.* (emphasis added).

In March 2016, the Township filed a petition for unit clarification with the Board, which it subsequently amended. R.R. at la-16a. The Township's petition sought to remove three positions from the unit certification, namely the Zoning Officer, the Building Code Official, and the Code Enforcement/Assistant Zoning Officer (Code Enforcement Officer).

In July 2016, the Board's Hearing Examiner held a hearing. In support of its position, the Township offered the testimony of Township Manager John Granger. Granger is the Chief Administrative Officer of the Township and supervisor of all Township employees, except those employed by the Police Department. R.R. at 79a. Granger began his employment in June 2016. Granger testified that the Zoning Officer position had been vacant since April 2016 and the position remained unfilled at the time of the hearing. He testified as to the actual duties performed by the Building Code Official and the Code Enforcement Officer. However, Granger testified that "[t]he zoning officer duties and responsibilities are

pretty well set out in the [Pennsylvania Municipalities Planning Code (MPC)[2]]. They are universal across the state, regardless of the community in which the zoning officer is working." R.R. at 86a. The Township offered the Zoning Officer's job description and Township Ordinances regarding the duties of the position, which the Board admitted into evidence. The Union did not offer any evidence in response. The Union conceded that the Building Code Official and Code Enforcement Officer were management-level employees, but it argued that the Township did not meet its burden regarding the Zoning Officer. The parties presented briefs in support of their respective positions.

The Hearing Examiner determined that the Township did not meet its burden of proving its Zoning Officer was a management-level employee because it could not offer testimony regarding the actual duties performed by the Zoning Officer. By proposed order dated October 19, 2016, the Hearing Examiner dismissed the Township's petition for unit clarification.

The Township filed exceptions to the proposed order with the Board, and the parties submitted additional briefs. The Township asserted that evidence of actual duties performed by its Zoning Officer was not required because all zoning officers are required to implement policy under the MPC and, thus, are management-level employees as a matter of law. In the alternative, the Township requested a remand to introduce evidence of the actual duties of its Zoning Officer.

By final order dated February 21, 2017, the Board dismissed the Township's exceptions and made the Hearing Examiner's proposed decision and order absolute and final. The Board denied the Township's request for a remand, noting that any evidence of the duties of the prior Zoning Officer was not after-

_____

[2] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10101-11202.

3

discovered evidence and any evidence regarding the duties of a currently employed Zoning Officer would be inadmissible post-petition evidence. The Board advised the Township that it could obtain a new hearing by filing a new unit clarification petition once the Zoning Officer position is filled.

From this decision, the Township petitions this Court for review.[3] The Township contends that the Board's decision that the Zoning Officer position is not a management-level position is contrary to the law and is not supported by substantial evidence.

First, the Township maintains that the Board's decision is contrary to the law because the duties of the Zoning Officer are set forth by statute. Specifically, the MPC requires municipalities with a zoning ordinance to appoint a zoning officer to administer and enforce the zoning ordinance. The MPC directs that zoning officers "shall administer the zoning ordinance in accordance with its literal terms." Section 614 of the MPC, 53 P.S. §10614. The Board and this Court consistently have held that the duty of administering or implementing policy constitutes a management duty for purposes of unit clarification. In light of the statutory mandate,

---

[3] "[G]enerally speaking, an appellate court's review of an agency decision is limited to a determination of whether there has been a violation of constitutional rights, an error of law, [or] a procedural irregularity, or whether the findings of the agency are supported by the substantial evidence of record." *Lancaster County v. Pennsylvania Labor Relations Board*, 94 A.3d 979, 986 (Pa. 2014). "[A] decision of the Board must be upheld if the Board's factual findings are supported by substantial evidence, and if conclusions of law drawn from those facts are reasonable, not capricious, arbitrary, or illegal." *Id.* (quoting *Borough of Ellwood City v. Pennsylvania Labor Relations Board*, 998 A.2d 589, 594 (Pa. 2010)).

However, where the issues concern statutory interpretation, our review is highly deferential. *Id.* "An administrative agency's interpretation is to be given 'controlling weight unless clearly erroneous.'" *Id.* (quoting *Ellwood City*, 998 A.2d at 594. "However, when an administrative agency's interpretation is inconsistent with the statute itself, or when the statute is unambiguous, such administrative interpretation carries little weight." *Id.*

4

evidence regarding whether or not the Zoning Officer actually performed his statutory duties was not necessary.

Under PERA, the Board possesses wide latitude to determine the appropriateness of a bargaining unit. Section 604 of PERA, 43 P.S. §1101.604. *Lancaster County v. Pennsylvania Labor Relations Board*, 94 A.3d 979, 983 (Pa. 2014). "The purpose of a unit clarification procedure under the PERA is to determine whether certain job classifications are properly included in a bargaining unit, based upon the actual functions of the job." *School District of City of Erie v. Pennsylvania Labor Relations Board*, 832 A.2d 562, 566-67 (Pa. Cmwlth. 2003). Unit clarification is a means to ensure "flexibility in the composition of the bargaining unit as new positions are created or existing positions are changed." *Id.* at 567. A party seeking to exclude a position from a bargaining unit has the burden of proving by substantial evidence that the statutory exclusion applies. *Westmoreland County v. Pennsylvania Labor Relations Board*, 991 A.2d 976, 980 (Pa. Cmwlth. 2010), *appeal denied*, 17 A.3d 1256 (Pa. 2011).

Section 301(2) of PERA expressly excludes "management level employes" from inclusion in collective bargaining units. 43 P.S. §1101.301(2). PERA defines a "management level employe" as "any individual who is involved directly in the determination of policy *or* who responsibly directs the implementation thereof and shall include all employes above the first level of supervision." Section 301(16) of PERA, 43 P.S. §1101.301(16) (emphasis added). "If employees meet only one part of the test, they will be considered managerial." *Municipal Employees of Borough of Slippery Rock v. Pennsylvania Labor Relations Board*, 14 A.3d 189, 192 (Pa. Cmwlth. 2011) (quoting *Westmoreland County*, 991 A.2d at 985).

5

"An employee is directly involved in the implementation of policy if he or she ensures that the policy is fulfilled by concrete measures." *Slippery Rock*, 14 A.3d at 192; *accord Westmoreland County*, 991 A.2d at 985. "However, an employee's decisions are not managerial if they are part of the employee's routine discharge of professional duties." *Slippery Rock*, 14 A.3d at 192. "[I]n order to be considered a management level employee, the employee must be responsible for not only monitoring compliance with a policy, but also for taking action in situations where noncompliance is found." *Id.*

Generally, the Board must analyze the duties of an employee's position to determine whether the employee is a management-level employee. *PSSU, Local 668, AFL-CIO v. Pennsylvania Labor Relations Board*, 740 A.2d 270, 276 (Pa. Cmwlth. 1999), *appeal denied*, 740 A.2d 270 (Pa. 2000). "The Board reviews actual job duties and will only consider written job descriptions to corroborate testimony of actual duties." *Westmoreland*, 991 A.2d at 980. "Moreover, job titles, such as supervisor or manager, are not sufficient to overcome the actual duties performed . . . ." *Id.; accord West Perry School District v. Pennsylvania Labor Relations Board*, 752 A.2d 461, 465 (Pa. Cmwlth.), *appeal denied*, 795 A.2d 984 (Pa. 2000).

However, where the General Assembly designates a particular profession as a management-level position, an examination of actual job duties is not necessary. *PSSU,* 740 A.2d at 276. In *PSSU*, this Court considered whether workers' compensation judges (WCJs) were properly excluded from the bargaining unit. We observed that the General Assembly designated the WCJs to be "management level employes" under Section 1403 of the Workers' Compensation

6

Act (Act).[4] We recognized that, "in most circumstances, an examination of the duties of an employee's position" must be made prior to a determination of whether or not such employee is a "management level employe." However, "because the General Assembly chose to designate WCJs as management level employees under the provisions of [S]ection 1403 of the Act, it obviated the need to examine the particular duties of the position as both the Board and this Court are powerless to alter this designation." *Id.* at 276-77. Thus, this Court determined that the Board properly adopted the General Assembly's designation that WCJs were management-level employees for purposes of PERA. *Id.*

The analysis in *PSSU* is equally applicable here. Although the General Assembly did not designate zoning officers as "management-level employees," it assigned them management-level duties under the MPC. Specifically, Section 614 of the MPC provides:

> For the administration of a zoning ordinance, a zoning officer, who shall not hold any elective office in the municipality, shall be appointed. . . . The *zoning officer shall administer the zoning ordinance in accordance with its literal terms*, and shall not have the power to permit any construction or any use or change of use which does not conform to the zoning ordinance. Zoning officers may be authorized to institute civil enforcement proceedings as a means of enforcement when acting within the scope of their employment.

53 P.S. §10614 (emphasis added).

---

[4] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §2503 (WCJs "shall be management level employes").

In accord thereto, Township's Zoning Ordinance[5] provides the Township shall appoint a Zoning Officer to "administer and enforce" the Zoning Ordinance. R.R. at 151a. The Zoning Officer's duties "shall" include, *inter alia*: accept or deny permits applications, examine applications for compliance, issue permits, issue citations for violations, and present enforcement actions. *Id.*

In *Slippery Rock*, this Court examined similar duties and held that such duties constitute the administration of policy, which is a management-level duty. *Slippery Rock*. The issue in *Slippery Rock* was whether a code enforcement officer was a managerial position for purposes of the PERA. We opined that "in order to be considered a management level employee, the employee must be responsible for not only monitoring compliance with a policy, but also for taking action in situations where noncompliance is found." 14 A.3d at 192. "The administration of a policy involves basically two functions: (1) observance of the terms of the policy and (2) interpretation of the policy both within and without the procedures outlined in the policy." *Id.* (quoting *Employes of Derry Township*, 36 PPER ¶166 (Final Order, 2005). We also noted the Board has consistently held that code enforcement officers implement policy and, therefore, satisfy the second part of the test set forth in Section 301(16) of PERA. *Id.* at 192 (citing *Derry Township*, 36 PPER ¶166; *Horsham Township*, 9 PPER ¶9151 (Order and Notice of Election, 1978)).[6] Applying this analysis, we examined the code enforcement officer's actual duties. "[T]he evidence establishe[d] that the code enforcement officer accepts or denies permit applications, conducts inspections, issues citations and presents enforcement actions to the local

---

[5] Last amended on December 23, 2013.

[6] This Court considers Board opinions interpreting PERA to be persuasive authority, and, as long as substantial evidence supports the Board's findings, we defer to the Board's conclusions if they are reasonable, and not arbitrary or capricious. *Slippery Rock*, 14 A.3d at 192.

8

magistrate." *Id.* at 193. In so doing, the code enforcement officer administers or implements policy, which is reflective of managerial responsibility. *Id.* Thus, we concluded that the Board properly excluded the code enforcement officer from the bargaining unit. *Id.* at 193.

Here, the General Assembly vested the power to "administer the zoning ordinance" to the zoning officers. Section 614 of the MPC, 53 P.S. §10614. By prescribing this management-level duty, the General Assembly has, in essence, designated the job classification of zoning officer as a managerial position. *See Slippery Rock; PSSU.* Although a mere description of job duties, without testimony regarding actual duties performed, is generally insufficient to establish duties for purposes of PERA, *see Westmoreland*, such is not the case here because the zoning officer's job duties are mandated by law. *See PSSU.* Just as the Board and this Court are powerless to alter this statutory mandate, so too are the Township and the Union. *See id.* This statutory mandate obviates the need to examine the Zoning Officer's actual duties. *See PSSU.* For these reasons, we conclude that the job classification of Zoning Officer does not belong in the bargaining unit as a matter of statutory law. To conclude otherwise would contravene this clear legislative directive.

Accordingly, we reverse.[7]

_____
MICHAEL H. WOJCIK, Judge

---

[7] In light of this disposition, we need not reach the Township's substantial evidence claim.

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Exeter Township,                    :
                                    :
                    Petitioner      :
                                    :
        v.                          : No. 316 C.D. 2017
                                    :
Pennsylvania Labor Relations        :
Board,                              :
                                    :
                    Respondent      :


# O R D E R


AND NOW, this 12<u>th</u> day of <u>January</u>, 2018, the order of the Pennsylvania Labor Relations Board, dated February 21, 2017, is REVERSED.


_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Exeter Township,                          :
                     Petitioner          :
                                       :
                 v.          : No. 316 C.D. 2017
                                       : Argued:  October 17, 2017
Pennsylvania Labor Relations Board,  :
                Respondent          :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE DAN PELLEGRINI, Senior Judge


DISSENTING OPINION BY
SENIOR JUDGE PELLEGRINI             FILED: January 12, 2018


The majority holds that Exeter Township (Township) was not required to follow the general rule that to exclude the Exeter Township Zoning Officer/Assistant Code Enforcement Officer (Zoning Officer) from a bargaining unit as a "management level employee" evidence of actual job duties had to be offered. The majority did so because it found that the Zoning Officer was made a "management level employee" by Section 614 of the Pennsylvania Municipalities Planning Code (MPC).[1]

I agree that if a statute provides that a position is not part of the bargaining unit or defines the position's duties as managerial in nature, then the

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10614.

position is excluded from the bargaining unit. I dissent because the description of the job duties contained in Section 614 of the MPC does not make the position automatically a management level employee.

In 1994, the Board certified a bargaining unit for collective bargaining under the Public Employe Relations Act[2] (PERA). Since that time, the Zoning Officer has been part of the bargaining unit. In March 2016, the Township filed with the Board a request for unit clarification seeking to exclude certain positions from the collective bargaining unit, including the Zoning Officer position,[3] because they were management level employees.

There is no dispute that for a position to be removed from a bargaining unit, the general rule is that substantial evidence of **actual** job duties is necessary to determine if a position should be excluded from a collective bargaining unit. *Westmoreland County v. Pennsylvania Labor Relations Board*, 991 A.2d 976 (Pa. Cmwlth. 2010). There is also no dispute that the Township did not offer any competent evidence at the unit clarification hearing as to the actual duties performed by a Zoning Officer in the Township. Instead, the Township contended that Section 614 of the MPC provided that the Zoning Officer was statutorily excluded from the

---

[2] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§ 1101.101 - 1101.2301.

[3] The Proposed Order of Unit Clarification also requested that the Board remove the Building Code Official and Code Enforcement/Assistant Zoning Officer positions from the collective bargaining unit because they were managerial in nature. The Board granted that request because evidence of the actual job duties for those positions was provided and, therefore, those positions are not before us on appeal.

bargaining unit because that provision described job duties that made it a management position.

Section 301(16) of PERA defines the term "management level employe[e]" as "any individual who is involved directly in the determination of policy or who responsibly directs the implementation thereof and shall include all employe[e]s above the first level of supervision." 43 P.S. § 1101.301(16). To be excluded from a bargaining unit as a "management level employe[e]" who responsibly directs the implementation of policy, the employee "must either engage in meaningful participation in the development of the employer's policy or must ensure fulfillment of that policy by concrete measures." *Westmoreland County*, 991 A.2d at 985-86.

Because Section 614 of the MPC does not specifically exclude a Zoning Officer from the bargaining unit, the question then is whether that section describes the Zoning Officer's position as someone who meaningfully participates in the development of the employer's policy or ensures fulfillment of that policy by concrete measures necessary to be a management level employee. An examination of that provision shows that it does not.

Section 614 of the MPC provides that a Zoning Officer:

[S]hall administer the zoning ordinance in accordance with its literal terms, and shall not have the power to permit any construction or any use or change of use which does not conform to the zoning ordinance. Zoning officers may be authorized to institute civil enforcement proceedings as a

means of enforcement when acting within the scope of their employment.

53 P.S. § 10614.

As can be seen, all that the provision expresses is what a zoning officer cannot do and what he or she may be authorized to do. It does not give the zoning officer any independent discretion to determine policy. All that Section 614 provides is that he or she shall administer the terms of a zoning ordinance in compliance "with its literal terms," and shall not have the power to vary the terms of the zoning ordinance. 53 P.S. § 10614.

To fill in its argument, the majority also points to Section 390-82(B) of the Township's Zoning Ordinance, which provides, in relevant part, the duties of the Zoning Officer as follows:

> It shall be the duty of the Zoning Officer to enforce the provisions of [the Zoning Ordinance] . . . and the Zoning Officer shall have such duties and powers as are conferred [by the Zoning Ordinance].

(Reproduced Record (R.R.) at 151a.)[4]

---

[4] These powers include, among other things:

- Receiv[ing] applications for zoning and/or building and sign permits and issu[ing] zoning and/or sign permits as set forth in [the Zoning Ordinance]. . .

**(Footnote continued on next page…)**

DRP - 4

While the Zoning Ordinance describes in detail the job duties of the Zoning Officer, because it is within the Township's control to both write and change its terms as it sees fit, it is nothing more than a more formal job description. Like all job descriptions, it requires corroborative evidence that the actual duties match that description. As we stated in *Westmoreland County*:

> In determining supervisory status, Section 604(5) of PERA authorizes the Board to "take into consideration the extent to which supervisory and nonsupervisory functions are performed." . . . It is therefore appropriate for the Board to consider such factors as frequency, duration and importance of the various supervisory duties performed. . . .
>
> Moreover, **job titles, such as supervisor or manager, are not sufficient to overcome the actual duties performed as evidence of being a supervisor under PERA. . . .** (Emphasis added).

991 A.2d at 980.

---

**(continued…)**

- Mak[ing] inspections as required to fulfill the duties of the Zoning Officer. . .

- Issu[ing] permits for buildings, structures and land uses for which subdivision and land development approval is required only after all necessary approvals have been secured and plans recorded. . .

- Serv[ing] a notice of violation on any person, firm, corporation, partnership or other entity responsible for violating any of the provisions of [the Zoning Ordinance], or any amendment thereto, or in violation of a statement or a plan approved under [the Zoning Ordinance].

(R.R. at 151a.)

Because Section 614 of the MPC does not set forth in any detail the actual job duties of a zoning officer, the general rule that there be evidence of actual job duties is necessary for the Board to determine whether the position is a "management level" under PERA and must be followed.

Accordingly, because I would affirm the Board, I respectfully dissent.

_____
DAN PELLEGRINI, Senior Judge