**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**


**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**


| | | |
|---|---|---|
| EXETER TOWNSHIP, | : | No. 49 MAP 2018 |
| | : | |
| Appellee | : | Appeal from the Order of |
| | : | Commonwealth Court at No. 316 CD |
| | : | 2017 dated January 12, 2018 |
| v. | : | Reversing the Order of the PA Labor |
| | : | Relations Board dated February 21, |
| | : | 2017 at Nos. PERA-U-16-56-E and |
| PENNSYLVANIA LABOR RELATIONS | : | PERA-R-93-717-E. |
| BOARD, | : | |
| | : | ARGUED:  March 5, 2019 |
| Appellant | : | |
| | | |
| EXETER TOWNSHIP | : | No. 50 MAP 2018 |
| | : | |
| | : | Appeal from the Order of |
| v. | : | Commonwealth Court at No. 316 CD |
| | : | 2017 dated January 12, 2018 |
| | : | Reversing the Order of the PA Labor |
| PENNSYLVANIA LABOR RELATIONS | : | Relations Board dated February 21, |
| BOARD | : | 2017 at Nos. PERA-U-16-56-E and |
| | : | PERA-R-93-717-E. |
| | : | |
| APPEAL OF: TEAMSTERS LOCAL | : | ARGUED:  March 5, 2019 |
| UNION NO. 429 | : | |


**OPINION**


**JUSTICE MUNDY**                                        **DECIDED:  July 17, 2019**


We granted allowance of appeal  to consider whether Section 614 of Municipalities

Planning Code, 53 P.S. § 10614, which sets forth the powers of a zoning officer, provides

sufficient basis to determine, absent evidence of actual job duties, if a zoning officer is a

management-level employee under the Public Employe Relations Act (PERA or the Act.).[1] Because we hold that Section 614 does not render a zoning officer a management-level employee, we hold that such evidence is required, and therefore reverse the order of the Commonwealth Court.

As an initial matter, we note that PERA defines "public employe," in relevant part, as "any individual employed by a public employer but shall not include . . . management level employes." 43 P.S. § 1101.301(2). It further defines "management level employe" as "any individual who is involved directly in the determination of policy or who responsibly directs the implementation thereof and shall include all employes above the first level of supervision." 43 P.S. § 1101.301(16). "First level of supervision" refers to "the lowest level at which an employe functions as a supervisor." 43 P.S. § 1101.301(19).

In 1994, the Pennsylvania Labor Relations Board (Board) issued a certification of representation in Case No. PERA-R-93-717-E, identifying the following bargaining unit of Exeter Township (Township) employees represented by Teamsters Local No. 429 (Union):

> All full-time and regular part-time nonprofessional employes including but not limited to highway employes, sewer plant employes, secretarial employes, truck drivers, heavy equipment operators, bid plant operators, mechanics, assistant operators, collection crew, light equipment operators, secretaries, clerk-typist, laborers, and code enforcement personnel; and excluding management level employes, supervisors, first level supervisors, confidential employes and guards as defined in the Act.

Certification, 1/24/94.

On March 9, 2016, the Township filed a petition for unit clarification with the Board seeking to exclude the following three positions from the unit of non-professional

---

[1] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§ 1101.101-1101.2301.

employees: (1) building code official; (2) zoning officer/assistant code enforcement officer (zoning officer); and (3) code enforcement/assistant zoning officer (code enforcement officer). Proceedings involving the Township and the Union were held before a Board Hearing Examiner on July 7, 2016. The only witness was Township Manager John Granger (Granger), who began working part-time in May 2016, before assuming his full-time position on June 1, 2016. N.T. Hearing, 7/7/16, at 8. He testified that the position of zoning officer was not currently filled and that the zoning officer had been terminated in April 2016. *Id.* at 15. Although he testified that the Township's job description for the zoning officer accurately reflected the duties and responsibilities of the position, Granger testified he had never observed the zoning officer perform her duties. *Id.* However, he noted that "the fundamental duties of the zoning officer, which is to enforce the zoning ordinance, are standard across the state." *Id.* at 16. He also testified regarding the duties of the building code official and code enforcement officer, both positions which were filled. *Id.* at 10-14; 19-21.

On October 19, 2016, the Hearing Examiner issued a Proposed Order of Unit Clarification and Dismissal relying on *Westmoreland County v. Pa. Labor Relations Bd.* 991 A.2d 976 (Pa. Cmwlth. 2010), *petition for allowance of appeal denied*, 17 A.3d 1256 (Pa. 2011), which held, "[a] party seeking to exclude a position from a bargaining unit has the burden of proving by substantial evidence the statutory exclusion applies. The Board reviews actual job duties and will only consider written job descriptions to corroborate testimony of actual duties." (citations omitted). The Hearing Examiner concluded that due to the lack of testimony regarding the actual duties of the zoning officer, the Township did not meet its evidentiary burden to remove the zoning officer from the bargaining unit. Proposed Order, 10/19/16, at 4. However, based on the record, the Hearing Examiner concluded that the building code official and code enforcement officer are management

level employees.[2]  The Township filed timely exceptions with the Board, limited to the zoning officer position.  The Township asserted that pursuant to Section 614 of the Municipalities Planning Code, 53 P.S. § 10614 (Appointment and powers of zoning officer), the Township Zoning Ordinance, Section 390-82(B) (Zoning Officer), and the testimony of Granger, the zoning officer performs management-level duties.  Township's Exceptions, 11/28/16, at ¶¶ 19, 24, 28.

By Order dated February 21, 2017, the Board dismissed the exceptions and made the Proposed Order final, stating, in part:

> The Township, as the party seeking to exclude the Zoning Officer position from the bargaining unit, had the burden of proving by substantial evidence that the statutory exclusion under Section 301(16) of PERA applies to the duties of the Zoning Officer.  *Westmoreland County*, *supra*.  However, because the Zoning Officer position was vacant at the time of the hearing in this case, and the Township presented no witnesses with direct knowledge of the actual duties performed by the previous Zoning Officer, the Hearing Examiner correctly held that the Township failed to sustain its burden of proving that the Zoning Officer should be excluded from the unit.

PLRB Final Order, 2/21/17, at 2.[3]

.      The Township filed a petition for review in the Commonwealth Court, which reversed in a divided, published opinion by Judge Michael H. Wojcik.  *Exeter Twp. v. Pennsylvania Labor Relations Bd.*, 177 A.3d 428 (Pa. Cmwlth. 2018).  The majority noted

_____

[2] The Hearing Examiner noted that in its brief, the Union conceded that the Township presented sufficient evidence to support the removal of the building code official and the code enforcement officer from the bargaining unit.  *Id.* at 3.

[3] The Board also denied the Township's request for a remand to the hearing officer to consider the duties of the zoning officer.  The Board noted that the Township proffered no witnesses or evidence it wished to present on remand.  PLRB Final Order, 2/21/17, at 3.

that "[t]he purpose of a procedure under PERA is to determine whether certain job classifications are properly included in a bargaining unit, based upon the actual functions of the job." *Id.* at 431 (quoting *School District of City of Erie v. Pennsylvania Labor Relations Bd.*, 832 A.2d 562, 566-67 (Pa. Cmwlth. 2003). In recognition that a management level employee is one "who is involved directly in the determination of policy or who responsibly directs the implementation thereof," 43 P.S. § 1101.301(16), the majority noted that "[a]n employee is directly involved in the implementation of policy if he or she ensures that the policy is fulfilled by concrete measures." *Exeter Twp.*, *supra* at 432 (quoting *Municipal Employees of Borough of Slippery Rock v. Pennsylvania Labor Relations Bd.* 14 A.3d 189 (Pa. Cmwlth. 2011).

"Generally, the Board must analyze the duties of an employee's position to determine whether the employee is a management-level employee." *Exeter Twp.*, *id.* "However, where the General Assembly designates a particular profession as a management-level position, an examination of the actual job duties is not necessary." *Id.* (citing *PSSU, Local 688, AFL-CIO v. Pennsylvania Labor Relations Bd.*, 740 A.2d 270, 276-77 (Pa. Cmwlth. 1999), *petition for allowance of appeal denied*, 795 A.2d 983 (Pa. 2000)) (designation of workers' compensation judges as "management level employees" in Section 1403 of the Workers' Compensation Act, 77 P.S. § 2503, "obviated the need to examine the particular duties of the position as both the Board and this Court are powerless to alter this designation."). While noting that the General Assembly did not specifically categorize zoning officers as "management level employees," the majority opined that it gave them management-level duties through Section 614 of the MPC, which provides:

> For the administration of a zoning ordinance, a zoning officer, who shall not hold any elective office in the municipality, shall be appointed. The zoning officer shall meet qualifications established by the municipality and shall be able to

demonstrate to the satisfaction of the municipality a working knowledge of municipal zoning. The zoning officer shall administer the zoning ordinance in accordance with its literal terms, and shall not have the power to permit any construction or any use or change of use which does not conform to the zoning ordinance. Zoning officers may be authorized to institute civil enforcement proceedings as a means of enforcement when acting within the scope of their employment.

53 P.S. § 10614.

The majority found further support for its position in the Section 390-82 of the Township's Zoning Ordinance which provides that the zoning officer "shall be appointed by the Township Supervisors to administer and enforce" the Ordinance. In addition, it recognized that pursuant to the Ordinance, the zoning officer's duties include examining applications for compliance, accepting or denying permit applications and issuing notices of violation. The majority noted in *Slippery Rock*, *supra*, the court examined similar duties with respect to a code enforcement officer, and concluded that they rendered the position one that is management level.

The majority concluded that by empowering zoning officers to "administer the zoning ordinance" pursuant to Section 614 of the MPC, "the General Assembly has, in essence, designated the job classification of zoning officer as a managerial position." *Exeter Twp.*, 177 A.3d at 433-34. Accordingly, it determined there was no "need to examine the [z]oning [o]fficer's actual duties." *Id.* at 434.

Senior Judge Dan Pellegrini dissented based on his conclusion that "the description of the job duties contained in section 614 of the MPC does not make the position automatically a management level employee." *Id.* Judge Pellegrini noted that while Section 614 sets forth what the zoning officer cannot do and what he or she may be authorized to do, it does not give the zoning officer discretion to determine policy. *Id.* at 435. The dissent also criticized the majority's reliance on Section 390-82 of the Zoning

Ordinance based on the fact that the Township has the ability to amend the Ordinance at will, thus rendering it "nothing more than a formal job description" which requires corroborative evidence *Id.* at 435-36. Accordingly, the dissent would have affirmed the Board's decision in favor of the Union.

The Board and the Union filed petitions for allowance of appeal which this Court granted to consider the following issue:

> Does Section 614 of the Municipalities Planning Code, 53 P.S. § 10614, provide sufficient basis to determine that a zoning officer is a management level employee absent evidence regarding actual job duties?

*Exeter Township v. Pennsylvania Labor Relations Bd.*, 193 A.3d 349 (Pa. 2018) (order).

The Board argues that the appellate courts have held that determining whether an employee should be excluded from a bargaining unit, requires an examination of actual job functions performed. Appellant's Brief at 16-17 (citing *Lancaster Cty. v. Pennsylvania Labor Relations Bd.*, 94 A.3d 979 (Pa. 2014); *Pennsylvania Labor Relations Bd. v. Altoona Area School District*, 389 A.2d 553 (Pa. 1978); *Westmoreland Cty.*, *supra*; *West Perry Sch. Dist. v. Pennsylvania Labor Relations Bd.*, 752 A.2d 461 (Pa. Cmwlth. 2000), *petition for allowance of appeal denied*, 795 A.2d. 984 (Pa. 2000); *Sch. Dist. of Philadelphia v. Pennsylvania Labor Relations Bd.*, 719 A.2d 835 (Pa. Cmwlth. 1998); *Sch. Dist. of Twp. of Millcreek v. Pennsylvania Labor Relations Bd.*, 440 A,2d 673 (Pa. Cmwlth. 1982); *Albert Einstein Med. Ctr. v. Pennsylvania Labor Relations Bd.*, 330 A.2d 264 (Pa. Cmwlth. 1982).

As previously noted, PERA defines a "management level employe" as "any individual who is involved directly in the determination of policy or who responsibly directs the implementation thereof and shall include all employes above the first level of supervision." 43 P.S. § 1101.301(16). "If employees meet only one part of the test, they

will be considered managerial." *Westmoreland Cty.*, *supra* at 985. The Board notes that the managerial status of zoning or code enforcement officers is determined by whether it is shown that they responsibly direct the implementation of their employer's ordinances and policies. For more than forty years the Board has relied on its decision in *Horsham Twp.*, 9 PPER ¶ 9157 (Order and Notice of Election, 1978), for the following definition of an employee who responsibly directs the implementation of a policy:

> [P]ersons who have a responsible role in giving practical effect to and ensuring the actual fulfillment of policy by concrete measures provided that such role is not of a routine or clerical nature and bears managerial responsibility to ensure completion of the task. The administration of policy involves basically two functions: (1) observance of the terms of the policy, and (2) interpretation of the policy both within and without the procedures outlined in the policy. The observance of the terms of the policy is largely a routine ministerial function. There will be occasion where the implementation of policy will necessitate a change in procedure or methods of operation. The person who effects such implementation and change exercises that managerial responsibility and would be responsibly directing the implementation of policy.

*Horsham Twp*, 9 PPER ¶ 9157; Appellant's Brief, at 19.

The Board has consistently determined that code enforcement officers are management level employees based on record evidence that they responsibly direct the implementation of policy through the exercise of independent discretion. *Id.* at 23. In *Horsham Twp.* the Board concluded that a Township employee who held several positions including building inspector and assistant zoning officer was a management level employee because he was required to exercise independent judgment, observe the terms of local ordinances and codes, and interpret policies of the Township Council. The Board reached this conclusion "on the basis of testimony and evidence presented at the hearing." *Horsham Twp.*, *id.* Likewise, in *Slippery Rock*, *supra,* the court affirmed a decision of the Board that a code enforcement officer was a management level employee

because the evidence established that "in implementing policy and in taking action in situations where non-compliance is found, the code enforcement officer exercises independent discretion reflective of managerial responsibility." *Id.* at 193. Relying on *Horsham Twp.* and *Slippery Rock*, the Board asserts, "there must be substantial, competent evidence to support a reasonable inference of the employe's actual use of independent judgment to interpret the municipality's codes or ordinance, and to establish that the employer also allows the employe to exercise independent authority and discretion to direct the concrete measures of enforcement to implement the municipality's code or ordinance." Appellant's Brief, at 25.

Comparing Section 614 of the Municipalities Planning Code with the requirements of Section 301(16) of PERA, the Board asserts that the MPC "does not satisfy the evidentiary proof that actual independence and authority has been given to, and is exercised by, a particular zoning or code enforcement officer to responsibly direct implementation of the employer's ordinances and zoning policies, requiring exclusion from the bargaining unit under Section 301(16) of PERA." *Id.* at 26. While a management level employee under PERA must have authority to interpret policy, *Horsham Twp.*, Section 614 of the MPC provides that "[t]he zoning officer shall administer the zoning ordinance in accordance with its literal terms." Although *Horsham Twp.* provides that a management level employee engages in "interpretation of the policy both within and without the procedures outlined in the policy," Section 614 of the MPC provides that "[t]he zoning officer . . . shall not have the power to permit any construction or any use or change of use which does not conform with the ordinance." Furthermore, the Board asserts that while a management level employee must have the ability to independently direct compliance with codes through enforcement measures, Section 614 of the MPC only provides that "[z]oning officers *may* be authorized to institute civil enforcement

proceedings as a means of enforcement when acting within the scope of their employment." Appellant's Brief, at 26-27.

Section 614 of the MPC does not permit the zoning officer to deviate from the literal terms of the zoning ordinance, nor does it require that the zoning officer must be the employee charged with enforcing the ordinance. Nevertheless, the Commonwealth Court held that by vesting the power to "administer the zoning ordinance" in the zoning officer, the General Assembly, through Section 614, "has, in essence, designated the job classification as a managerial position." *Exeter Twp.*, 177 A.3d at 434. While the Commonwealth Court found a "clear legislative directive," *id.*, that zoning officers are management level employees, the Board emphasizes this is nowhere expressed in Section 614. Appellant's Brief, at 30-31.

Nothing in Section 614 of the MPC or the Zoning Ordinance establishes that the zoning officer "responsibly directs the implementation of policy" as required by Section 301(16) of PERA. Accordingly, the Board argues "there must be evidence of job duties performed showing that the municipality allows the zoning officer discretion and independence in both the interpretation and enforcement of the codes and ordinances to effectuate and implement the municipality's policies." Appellant's Brief, at 33. Because the Township presented no evidence regarding the duties or authority of the zoning officer, the Board asserts the Township failed to meet its evidentiary burden that the exclusion for management level employees set forth in Section 301(16) has been met.

The Board further notes that beyond the duties set forth in Section 614 of the MPC, it looks to actual duties performed when determining whether the municipality has vested the zoning officer with authority to responsibly direct the implementation of policy.

The Township responds that Section 614 of the MPC vests zoning officers with the authority to "administer" zoning ordinances, and relies on dictionary definitions of

"administer," including: (1) to "manage or supervise the execution, use or conduct of," *Administer Definition,* MERRIAM-WEBSTER.COM, http://dictionary/administer (last visited November 16, 2018) and (2) "[t]o manage work or money) for a business or organization" and "[t]o provide or arrange (something) officially as part of one's job), Black's Law Dictionary (10th ed. 2014).[4] Appellee's Brief, at 13-14. The Township asserts that the directive to administer requires zoning officers to perform the core functions enumerated in the specific zoning ordinances enacted by the municipalities. In the example of Exeter Township this includes "accepting and examining permit applications, issuing or denying permits, inspecting properties and issuing citations." *Id.* at 15. The Township maintains that the duties set forth in the Ordinance are derived from the directive of Section 614 that the zoning officer is to "administer" the ordinance.

The Township further asserts that the MPC grants independent authority to the zoning officer to perform his or her functions because Section 614 states, "t]he zoning officer shall administer the zoning ordinance in accordance with its literal terms." Noting that the word "shall" is mandatory, the Township avers that the Commonwealth Court correctly concluded that the term "shall administer" has the effect of obviating the need to further define the duties of the position. The Township faults the Board for "fail[ing] to take the legally mandated duties of the zoning officer into account when rendering its decision." Appellee's Brief, at 19.

Relying on *Slippery Rock*, 14 A.3d at 192, where the Commonwealth Court stated, "the Board has consistently held that code enforcement officers implement policy, and therefore, satisfy section 301(16) of PERA," the Township posits that the Commonwealth Court properly reversed the Board in the instant matter. Appellee's Brief at 21-22. The Township also challenges the Board's contention that in the past, zoning officers have

---

[4] Black's Law Dictionary (10th ed. 2014).

been excluded from bargaining units based on consideration of additional duties not enumerated in Section 614 of the MPC. It contends that additional duties have served only to supplement the decision to exclude zoning officers from bargaining units.

The Township further maintains that the directive of Section 614 of the MPC that a zoning officer "[s]hall administer the zoning ordinance in accordance with its literal terms," 53. P.S. § 10614, does not render the position one involving the exercise of technical knowledge rather than implementation of policy.

Our review of a decision of the Board "is limited to determining whether there has been a violation of constitutional rights, an error of law, procedural irregularity, or whether the findings of the agency are supported by substantial evidence." *Borough of Ellwood City v. Pennsylvania Labor Relations Bd.*, 998 A.2d 589, 594 (Pa. 2010) (citations omitted). "Our scope of review is plenary in that we can consider the entire record." *Id.*

The Board asserts that unit clarification proceedings involve fact driven inquiries that are entitled to substantial deference by reviewing courts. In support of this proposition it relies on *Lancaster Cty v. Pennsylvania Labor Relations Bd.*, 94 A.3d 979 (Pa. 2014), where this Court held:

> Appreciating the competence and knowledge an agency possess in its relevant field, our Court opined that an appellate court "will not lightly substitute its judgment for that of a body selected for its expertise whose experience and expertise make it better qualified than a court of law to weigh facts within its field." *Borough of Ellwood City* [*v. PLRB*], 998 A.2d [589,] 594 [(Pa. 2010]. Moreover, we have emphasized that this high level of deference is especially significant in the complex area of labor relations. *Nazareth v. PLRB*, 626 A.2d 493, 496 & n.5. (Pa. 1993). Additionally, with respect to the specific issue of bargaining unit determinations, our Court has indicated that deference to the Board's reasonable and longstanding construction of a statute is appropriate. *Vlasic Farms, Inc. v. PLRB*, 777 A.2d 80, 81 (Pa. 2001).

*Id.* at 986 (Pa. 2014).

Here, citing *PSSU*, 740 A.2d at 276, the Commonwealth Court recognized the well-established principle that "[g]enerally, the Board must analyze the duties of an employee's position to determine whether the employee is a management-level employee." *Exeter Twp.*, 177 A.3d 428 (Pa. Cmwlth. 2018)  Relying on *Westmoreland*, 991 A.2d at 980, it noted '[t]he Board reviews actual job duties and will only consider written job descriptions to corroborate testimony of actual job duties." *Exeter Twp.*, *id.*  Nevertheless, analogizing the instant matter to *PSSU*, where the General Assembly designated workers compensation judges as management-level employees, the majority determined that an analysis of actual job duties was not required because the General Assembly had assigned management-level duties to zoning officers.  The basis for this conclusion was the portion of Section 614 of the MPC, which provides, "[t]he zoning officer shall administer the zoning ordinance in accordance with its literal terms."  53 P.S. § 10614.

In this case, Section 614 of the MPC must be viewed through the lens of Section 301(16) of PERA, which defines "management level employee" as "any individual who is involved directly in the determination of policy or who responsibly directs the implementation thereof."  43 P.S. § 1101.301(16).  To responsibly direct the implementation of policy, the employee "must either engage in meaningful participation in the development of the employer's policy or must ensure fulfillment of that policy by concrete measures." *Westmoreland*, 991 A.2d at 986.  However, Section 614 of the MPC provides that the zoning officer, "shall administer the zoning ordinance in accordance with its literal terms" 53 P.S. § 10614, cannot permit any construction, use or change of use not permitted by the zoning ordinance, but may be authorized to institute civil enforcement proceedings. *Id.*  As noted by the Commonwealth Court dissent, "[Section 614 of the MPC] does not give the zoning officer any independent discretion to determine policy." *Exeter Twp.*, 177 A.3d 435 (Pellegrini, S.J. dissenting).  This is particularly so in light of

the directive that the zoning officer "administer the zoning ordinance in accordance with its literal terms." The Statutory Construction Act provides, in relevant part, that "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage." 1 Pa.C.S. § 1903(a). Merriam-Webster defines "literal" as "adhering to . . . the ordinary construction or primary meaning of a term or expression." *Literal Definition,* MERRIAM-WEBSTER.COM, http:/dictionary/literal (last visited May 15, 2019). This significantly undercuts the Commonwealth Court's conclusion that a zoning officer is a "management level employe," as the term is defined by Section 301(16) of PERA. Even attributing to the word "administer" the definitions advocated by the Township, *supra*, "administering" the "literal terms" of an ordinance is inconsistent with "responsibly direct[ing] the implementation [of policy]." 43 Pa.C.S. § 1101.301(16).

In light of the fact that the terms of Section 614 of the MPC do not clearly identify a zoning officer as a management level employee, reliance on Section 390-82 of the Exeter Township Code, which sets forth the duties of the zoning officer, is unavailing absent evidence of actual job duties. Here, the Code provides, *inter alia*, that the zoning officer receives applications for zoning and/or building permits, issues permits for special exceptions or variances after approval by the Zoning Hearing Board, registers identified nonconforming structures, and serves a notice of violation on any person or entity that violates the Code. However, as the Commonwealth Court dissent notes, Section 390-32 of the Code is subject to change by the Township, and is in essence a job description, thus requiring evidence of the actual duties of the zoning officer. *Exeter Twp.*, 177 A.3d 435-36.

As noted, the Township asserts that "the Board has consistently held that code enforcement officers implement policy, and therefore, satisfy section 301(16) of PERA," *Slippery Rock*, 14 A.3d at 192. While this is correct, *Slippery Rock* and the cases cited

therein, *Horsham Twp., supra* and *Employes of Derry Twp.*, 36 PPER ¶ 166 (Final Order, 2005) contained record evidence regarding the actual duties of the officers. In light of the consistent holdings of the Board that zoning officers and code enforcement officers with similar responsibilities are management level employees, the burden on the Township to establish that the zoning officer "responsibly directs the implementation of policy," 43 P.S. § 1101.301(16) is not an onerous one.[5]

Accordingly, the order of the Commonwealth Court is reversed.

Chief Justice Saylor and Justices Baer, Todd, Donohue, Dougherty and Wecht join the opinion.

---

[5] As the Board notes, "[u]pon filling the Zoning Officer position, the Township may obtain its requested relief for a hearing by simply filing a new unit clarification petition seeking to remove the position from the bargaining unit based on the actual job duties performed by the then-employed Zoning Officer." PLRB Final Order, 2/21/17, at 3.